UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD C. FANTASIA,

                         Plaintiff,

-against-

ANTHONY BLINKEN, in his official capacity as the Secretary of the U.S. Department of State,

                         Defendant.

1:21-CV-11075 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Edward C. Fantasia, an American citizen who resides in Germany, filed this *pro se* action asserting claims under the Age Discrimination in Employment Act of 1967, and under German law, arising from his employment in the American consulates in Dusseldorf and Munich, Germany. Plaintiff sues Secretary of State Anthony Blinken in his official capacity. For the reasons set forth below, the Court transfers this action to the United States District Court for the District of Columbia.

      Under 28 U.S.C. § 1391(e)(1), a federal civil action may be brought against a federal officer in his official capacity:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

      Plaintiff alleges that Secretary Blinken resides in Washington, D.C. Thus, the United States District Court for the District of Columbia is a proper venue for this action under Section 1391(e)(1)(A). Because Plaintiff does not allege that he or Secretary Blinken resides in this

judicial district, or that a substantial part of the events or omissions giving rise to his claims arose in this judicial district, venue is not proper in this court under Section 1391(e)(1)(B) or (C). Accordingly, because venue lies in the District of Columbia under Section 1391(e)(1)(A), the Court transfers this action to the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1406(a)

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Columbia. 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, and whether *pro bono* counsel should be requested to represent Plaintiff, are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 4, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge